IN THE UNITED STATES DISTRICT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD WORRELL and
ALICE WORRELL,

  Plaintiff,

-VS-                                  CASE NO.:

NAVIENT SOLUTIONS, INC.
d/b/a SALLIE MAE, INC.

  Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiffs, Richard Worrell and Alice Worrell, by and through their undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

1

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**FACTUAL ALLEGATIONS**

9. Plaintiff, Richard Worrell, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

10. Plaintiff, Alice Worrell, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

11. Plaintiffs are "consumers" as defined in Florida Statute § 559.55(8).

12. Plaintiffs are "alleged debtors."

13. Plaintiffs are the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

14. Defendant, NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC., is a corporation which was formed in Delaware with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Florida through its registered agent, CORPORATION SERVICE COMPANY located at 1201 Hays Street, Tallahassee, FL 32301.

15. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. is a "creditor" as defined in Florida Statute §559.55(5).

17. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. called Plaintiffs on Plaintiffs' cellular telephones approximately two hundred (200) times since April 2016 in an attempt to collect a debt.

18. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

19. Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that they knew it was an autodialer because of the vast number of calls they received and because they heard a pause when they answered their phones before a voice came on the line and/or they

received prerecorded messages from NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC.

20. Plaintiff, Richard Worrell, is the subscriber, regular user and carrier of the cellular telephone number (215) ***-6550 and was the called party and recipient of Defendant's calls.

21. Plaintiff, Alice Worrell, is the subscriber, regular user and carrier of the cellular telephone number (215) ***-8511 and was the called party and recipient of Defendant's calls.

22. Beginning on or about April 2016, NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. began bombarding Plaintiffs' cellular telephones (215) ***-6550 and (215) ***-8511 in an attempt to collect on a student loan.

23. The autodialer calls from Defendant came from telephone numbers including but not limited to (877) 501-6451, and when that number is called a pre-recorded voice answers and identifies the number as belonging to NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC.

24. On or about June 28, 2016, Plaintiff, Richard Worrell, revoked his consent to be called by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. by requesting that the calls stop. Specifically, Plaintiff, Richard Worrell, spoke with an agent of Defendant and advised the agent that the Defendant did not have permission to call Plaintiff.  Each call NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA.

25. On or about July 11, 2016, Plaintiff, Alice Worrell, revoked her consent to be called by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. by requesting that the calls stop. Specifically, Plaintiff, Alice Worrell, spoke with an agent of Defendant and advised the agent that the Defendant did not have permission to call Plaintiff. Each call NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA.

26. Despite Plaintiffs informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiffs' cellular phone continued after June 28, 2016. Between July 6, 2016 through July 12, 2016, Plaintiffs made a non-exclusive log of twelve (12) calls they received from the Defendant, including but not limited to the following calls:

    a. July 6, 2016 (x5)

    b. July 7, 2016

    c. July 8, 2016

    d. July 9, 2016

    e. July 10, 2016 (x4)

    f. July 11, 2016 (x2)

27. Plaintiffs estimate approximately one hundred (100) calls to their cell phones post-revocation.

28. Defendant knowingly and/or willfully harassed and abused Plaintiffs on numerous occasions by calling Plaintiffs' cellular telephone numbers up to five (5) times a day from approximately April 2016 through the filing of this complaint, with such

frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

29. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiffs' cellular telephones in this case.

30. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiffs' cellular telephones in this case, with no way for the consumer, Plaintiff, or NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC., to remove the number.

31. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. they wish for the calls to stop.

32. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

34. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

35. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC.'s corporate policy provided no means for Plaintiffs to have their numbers removed from Defendant's call list.

36. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not a single call placed by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. to Plaintiffs were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

39. From each and every call placed without consent by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. to Plaintiffs' cell phones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

40. From each and every call without express consent placed by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. to Plaintiffs' cell phones, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular phones by unwelcome calls, making the phones unavailable for legitimate callers or outgoing calls

while the phones were ringing from NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC.'s calls.

41. From each and every call placed without express consent by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. to Plaintiffs' cell phone, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. to Plaintiffs' cell phones was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phones, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. to Plaintiffs' cell phones resulted in the injury of unnecessary expenditure of Plaintiffs' cell phone's battery power.

44. Each and every call placed without express consent by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. to Plaintiffs' cell phones where a voice message was left which occupied space in Plaintiffs' phones or network.

45. Each and every call placed without express consent by NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

46. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

47. Plaintiffs fully incorporate and reallege paragraphs one through forty-six (1-46) as if fully set forth herein.

48. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. willfully violated the TCPA with respect to Plaintiffs, especially for each of the auto-dialer calls

made to Plaintiffs' cellular telephones after Plaintiffs notified NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. that they wished for the calls to stop.

49. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the FCCPA)**

50. Plaintiffs fully incorporate and reallege paragraphs one through forty-six (1-46) as if fully set forth herein

51. At all times relevant to this action NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

53. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

54. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC.'s actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff