IN THE UNITED STATES DISTRICT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD WORRELL and
ALICE WORRELL,

  Plaintiff,

-VS-                                      CASE NO.: 8:16-CV-02790-MSS-MAP

NAVIENT SOLUTIONS, INC.
d/b/a SALLIE MAE, INC. and SLM
CORPORATION, d/b/a SALLIE MAE
BANK,

  Defendant.
_____/

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs, Richard Worrell and Alice Worrell, by and through their undersigned counsel, and sues Defendant, SLM CORPORATION d/b/a SALLIE MAE BANK, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like SLM CORPORATION d/b/a SALLIE MAE BANK from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff, Richard Worrell, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

10. Plaintiff, Alice Worrell, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

11. Plaintiffs are "consumers" as defined in Florida Statute § 559.55(8).

12. Plaintiffs are "alleged debtors."

13. Plaintiffs are the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

14. Defendant, NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC., was dismissed pursuant to Order entered on December 15, 2016 [Doc. 24].

15. Defendant, SLM CORPORATION d/b/a SALLIE MAE BANK, is a corporation which was formed in Delaware with its principal place of business located at 300 Continental Drive, Newark Delaware 19713, whose Registered Agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

16. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

17. NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC. is a "creditor" as defined in Florida Statute §559.55(5).

18. SLM CORPORATION d/b/a SALLIE MAE BANK is a "creditor" as defined in Florida Statute §559.55(5).

19. SLM CORPORATION d/b/a SALLIE MAE BANK called Plaintiffs on Plaintiffs' cellular telephones approximately two hundred (200) times since April 2016 in an attempt to collect a debt.

20. SLM CORPORATION d/b/a SALLIE MAE BANK attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

21. Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that they knew it was an autodialer because of the vast number of calls they received and because they heard a

4

pause when they answered their phones before a voice came on the line and/or they received prerecorded messages.

22. Plaintiff, Richard Worrell, is the subscriber, regular user and carrier of the cellular telephone number (215) ***-6550 and was the called party and recipient of Defendant's calls.

23. Plaintiff, Alice Worrell, is the subscriber, regular user and carrier of the cellular telephone number (267) ***-8511 and was the called party and recipient of Defendant's calls.

24. Beginning on or about April 2016, SLM CORPORATION d/b/a SALLIE MAE BANK began bombarding Plaintiffs' cellular telephones (215) ***-6550 and (267) ***-8511 in an attempt to collect on a student loan.

25. The autodialer calls from Defendant came from telephone numbers including but not limited to (877) 501-6451, and when that number is called a pre-recorded voice answers and identifies the number as belonging to Sallie Mae.

26. On or about June 28, 2016, Plaintiff, Richard Worrell, revoked his consent to be called by SLM CORPORATION d/b/a SALLIE MAE BANK by requesting that the calls stop. Specifically, Plaintiff, Richard Worrell, spoke with an agent of Defendant and advised the agent that the Defendant did not have permission to call Plaintiff. Each call SLM CORPORATION d/b/a SALLIE MAE BANK made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA.

27. On or about July 11, 2016, Plaintiff, Alice Worrell, revoked her consent to be called by SLM CORPORATION d/b/a SALLIE MAE BANK by requesting that the calls stop. Specifically, Plaintiff, Alice Worrell, spoke with an agent of Defendant and advised the agent that the Defendant did not have permission to call Plaintiff. Each call SLM CORPORATION d/b/a SALLIE MAE BANK made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA.

28. Despite Plaintiffs informing Defendants to stop calling, the Defendant's autodialer calls to Plaintiffs' cellular phone continued after June 28, 2016. Between July 6, 2016 through July 12, 2016, Plaintiffs made a non-exclusive log of twelve (12) calls they received from the Defendants, including but not limited to the following calls:

   a. July 6, 2016 (x5)

   b. July 7, 2016

   c. July 8, 2016

   d. July 9, 2016

   e. July 10, 2016 (x4)

   f. July 11, 2016 (x2)

29. Plaintiffs estimate approximately one hundred (100) calls to their cell phones post-revocation.

30. Defendants knowingly and/or willfully harassed and abused Plaintiffs on numerous occasions by calling Plaintiffs' cellular telephone numbers up to five (5) times a day from approximately April 2016 through the filing of this complaint, with such

frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

31. SLM CORPORATION d/b/a SALLIE MAE BANK have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiffs' cellular telephones in this case.

32. SLM CORPORATION d/b/a SALLIE MAE BANK have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiffs' cellular telephones in this case, with no way for the consumer, Plaintiff, or SLM CORPORATION d/b/a SALLIE MAE BANK, to remove the number.

33. SLM CORPORATION d/b/a SALLIE MAE BANK's corporate policies are structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to SLM CORPORATION d/b/a SALLIE MAE BANK they wish for the calls to stop.

34. SLM CORPORATION d/b/a SALLIE MAE BANK have numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

35. SLM CORPORATION d/b/a SALLIE MAE BANK have numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

36. SLM CORPORATION d/b/a SALLIE MAE BANK have had numerous complaints from consumers across the country against it asking to not be called; however, Defendants continue to call the consumers.

37. SLM CORPORATION d/b/a SALLIE MAE BANK's corporate policies provide no means for Plaintiffs to have their numbers removed from Defendants' call list.

38. SLM CORPORATION d/b/a SALLIE MAE BANK have a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

39. Not a single call placed by SLM CORPORATION d/b/a SALLIE MAE BANK to Plaintiffs were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

40. SLM CORPORATION d/b/a SALLIE MAE BANK willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

41. From each and every call placed without consent by SLM CORPORATION d/b/a SALLIE MAE BANK to Plaintiffs' cell phones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

42. From each and every call without express consent placed by SLM CORPORATION d/b/a SALLIE MAE BANK to Plaintiffs' cell phones, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular phones by unwelcome calls, making the phones unavailable for legitimate callers or outgoing calls while the phones were ringing from Defendants' calls.

43. From each and every call placed without express consent by SLM CORPORATION d/b/a SALLIE MAE BANK to Plaintiffs' cell phone, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the

usefulness of these features of Plaintiffs cellular phone, which are designed to inform the user of important missed communications.

44. Each and every call placed without express consent by SLM CORPORATION d/b/a SALLIE MAE BANK to Plaintiffs' cell phones was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phones, which are designed to inform the user of important missed communications.

45. Each and every call placed without express consent by SLM CORPORATION d/b/a SALLIE MAE BANK to Plaintiffs' cell phones resulted in the injury of unnecessary expenditure of Plaintiffs' cell phone's battery power.

46. Each and every call placed without express consent by SLM CORPORATION d/b/a SALLIE MAE BANK to Plaintiffs' cell phones where a voice message was left which occupied space in Plaintiffs' phones or network.

47. Each and every call placed without express consent by SLM CORPORATION d/b/a SALLIE MAE BANK to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

48. As a result of the answered and unanswered calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and

aggravation. Due to both answered and unanswered calls, Plaintiffs suffered the expenditure of Plaintiffs' time, exhaustion of Plaintiffs' cellular telephone battery, unavailability of Plaintiffs' cellular telephone while ringing, waste of Plaintiffs' time, causing the risk of personal injury due to distraction, and trespass upon Plaintiffs' chattels. All of the abovementioned were caused by, and/or directly related to, Defendants attempts to collect a debt from Plaintiffs through the use of automated/predictive dialing technology.

### COUNT I
### (Violation of the TCPA by Defendant, NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC)

49. - 51. COUNT I Dismissed pursuant to Order entered on December 15, 2016 [Doc 24].

### COUNT II

### (Violation of the FCCPA by Defendant, NAVIENT SOLUTIONS, INC. d/b/a SALLIE MAE, INC)

52.- 56. COUNT II Dismissed pursuant to Order entered on December 15, 2016 [Doc. 24]

### COUNT III

### (Violation of the TCPA by Defendant, SLM CORPORATION d/b/a SALLIE MAE BANK)

57. Plaintiffs fully incorporate and reallege paragraphs one through forty-eight (1-48) as if fully set forth herein.

58. SLM CORPORATION d/b/a SALLIE MAE BANK willfully violated the TCPA with respect to Plaintiffs, especially for each of the auto-dialer calls made to

Plaintiffs' cellular telephones after Plaintiffs notified SLM CORPORATION d/b/a SALLIE MAE BANK that they wished for the calls to stop.

59. SLM CORPORATION d/b/a SALLIE MAE BANK repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against SLM CORPORATION d/b/a SALLIE MAE BANK for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA by Defendant, SLM CORPORATION d/b/a SALLIE MAE BANK)

60. Plaintiffs fully incorporate and reallege paragraphs one through forty-eight (1-48) as if fully set forth herein

61. At all times relevant to this action SLM CORPORATION d/b/a SALLIE MAE BANK is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

62. SLM CORPORATION d/b/a SALLIE MAE BANK has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

63. SLM CORPORATION d/b/a SALLIE MAE BANK has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

64. SLM CORPORATION d/b/a SALLIE MAE BANK's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against SLM CORPORATION d/b/a SALLIE MAE BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff